UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>GERARDO ARIAS-GARCIA,<br><br>                Defendant. | Case No. CR20-136 JCC<br><br>DETENTION ORDER AND ORDER REGARDING TEMPORARY RELEASE |

<u>Offenses charged</u>:

    Count 6:    Possession of Methamphetamine with intent to Distribute in violation of § 21 U.S.C. 841(a)(1), 841(b)(1)(A), and § 18 U.S.C. 2.

<u>Date of Detention Hearing</u>: The Court held a hearing via a WebEx videoconference on September 2, 2020, with the consent of Defendant, due to the exigent circumstances as outlined in General Order 11-20.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the reasons for detention hereafter set forth, finds:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    1.    There is a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e).

    2.    Defendant poses a risk of nonappearance because due to time constraints, Pretrial

Services was unable to interview Defendant. Therefore, there is limited information about him and his ties to the community. Defendant poses a risk of danger due to the nature of the charges. Based on these findings, and for the reasons stated on the record, there does not appear to be any condition or combination of conditions that will reasonably assure the Defendant's appearance at future court hearings while addressing the danger to other persons or the community.

3. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

4. However, the Court finds there are compelling reasons pursuant to 18 U.S.C. § 3142(i) for Defendant's temporary release. Temporary release may be granted if the Court determines that release is "necessary for preparation of the person's defense or for another compelling reason." See 18 U.S.C. § 3142(i). The relief authorized by § 3142(i) is to be used "sparingly." See *United States v. Boatwright*, —— F. Supp. 3d ——, 2020 WL 1639855 at *4 (D. Nev. Apr. 2, 2020) (observing that "little guidance exists" concerning what qualifies as a "compelling reason" for temporary release, but that courts have granted motions when the detainee was suffering from a terminal illness or serious injuries as to which the Bureau of Prisons could not provide the required medical care). Here, Defendant requires dialysis multiple times a week. The Court finds Defendant's medical condition warrants temporary release to obtain medical care, especially given the risks associated with transporting Defendant to and from the Federal Detention Center for medical appointments during the COVID-19 pandemic.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

(5) The Federal Detention Center and the United States Marshal are ordered to coordinate and transport Defendant to his scheduled medical appointments until he is released.

(6) **Defendant shall be temporarily released from custody on Thursday, September 3, 2020 after Pretrial Services has affixed the location monitoring device to Defendant's person. During Defendant's temporary release for medical purposes, Defendant is ordered to abide by the following bond conditions:**

- No use, consumption, or possession of alcohol, any product containing alcohol, or other intoxicants, including medication, unless prescribed by a physician and under the direction of Pretrial Services;

- Restricted travel to the Western District of Washington, or as directed by Pretrial Services;

- Participate in the location monitoring program with Active Global Positioning Satellite technology with restriction to Defendant's residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist; abide by all program requirements, and contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. **The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals;**

- Maintain residence as directed and do not change residence without prior approval from Pretrial Services or as directed by Pretrial Services;

- No possession or access to firearms and dangerous weapons. All firearms and dangerous weapons must be removed from Defendant's residence(s), vehicles(s), and place of employment. This condition operates in conjunction with any restrictions imposed under Title 18, USC 922, and the Washington State Revised Code, Chapter 9.41;

- Contribute towards the costs of the services required by this bond, to the extent financially able, as determined by Pretrial Services; and

- Abide by all federal, state, and local directives regarding the COVID-19 pandemic.

Dated this 2nd day of September, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge